## J. M. POWELL v. W. G. FORD.

1. ARBITRATION. *Award. Time of Making.* It is not a good objection to an award, that it was not filed within the time prescribed by the Code, sec. 3441, where the submission provides thus: "No time is limited within which the said arbitrators shall make and file their said award, but we request and desire them to do so at the very earliest practicable moment," there being nothing to show that the award was not made at the earliest practicable moment consistent with the rights of the parties.

2. SAME. *Award to be made the decree of Chancery Court.* Where the submission agreed to be made a rule of the Chancery Court, provided that any differences between the arbitrators should be referred to a specified umpire, whose decisions "shall be final and conclusive, and the award made, and the decree based thereon, shall be in accordance with said decisions," and it was referred to the umpire to determine whether the complainant was interested, and, if so, to what extent in certain lands, his award that the complainant was entitled to an interest of one-half in the lands, and that the defendant is indebted to him, in a sum designated, for one-half of the net proceeds of the sale of the land, with interest from the date of sale, is good, the submission expressly providing that the decree, in accordance with the award, shall be a complete, conclusive and final end and termination of every item and transaction relating to the business between the parties.

3. SAME. *Arbitrators. Umpire.* That there was a decision and disagreement between the arbitrators upon a matter of reference to the umpire would be *prima facie* established by the fact of reference, and would be clearly shown by the affidavits of the arbitrators, each avering that he had formed and expressed an opinion to his associate, the opinion of each being antagonistic to the opinion of the other.

4. SAME. *Award. Partial and incomplete.* An award cannot be partial and incomplete. unless it be shown that a well-founded matter of litigation, within the purview of the submission, was omitted.

Powell v. Ford.

5. SAME. *Arbitrators. Umpire. Signing the award.* Where the submission contemplates an award by the arbitrators of the matters on which they agree, and a separate award of the umpire upon all matters on which the arbitrators differ, it is not necessary that the arbitrators and umpire shall sign one award.

6. SAME. *Award. Objections thereto.* Objections to an award that it is not a complete settlement and determination of all the matters submitted, and that it is not in conformity with the submission, are too general.

7. SAME. *Formal award.* Although the language used in a submission to arbitration may admit of the construction that after the umpire has decided matters of difference, the arbitrators are to make a formal award embodying his decisions, the failure to do so would not affect the award, the submission expressly providing that the umpire's decisions shall be final.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

H. T. ELLETT for Complainant.

ESTES & JACKSON for Defendant.

COOPER, J., delivered the opinion of the Court.

Bill filed on the 17th of April, 1869, for a partnership account. The complainant and defendant had been partners for several years, prior and up to the year 1858, in the purchase and cultivation of land in the State of Mississippi, in the construction of levees and transactions in land scrip in the same State.

The defendant answered, and such proceedings were had that on the 28th of March, 1871, the

parties entered into a written agreement to submit the matters of litigation between them to arbitration, the submission to be made a· rule of the Court in which the suit was pending, and it was so made accordingly. The arbitrators made an award of the matters as to which they agreed, and the umpire named in the submission made his award of the matters referred to him by the arbitrators. The award being in favor of the complainant, he moved the Court to make it the decree in the cause in accordance with the terms of the submission. The defendant resisted the motion, and made an application to set aside the award upon certain objections assigned.

The Chancellor set aside the award upon two of the grounds mentioned.

The complainant elected to stand upon his rights under the award, and his bill was dismissed. He appealed.

The first objection assigned is that the award was not filed within the time prescribed by the Code and by law. The law is, that if there be no time limited in the submission within which the award is to be made, the arbitrators may act at any time until their authority is revoked. *White* v. *Puryear*, 10 Yer., 441.

The Code, sec. 3441, is: "If the time of filing the award is not fixed in the submission, it shall be filed within eight months from the time such submission is signed, unless by mutual consent the time is prolonged." The award in this

case was filed on the 20th of December, 1871, a little over eight months from the signing of the submission. The submission, upon this subject, makes the following provision: "No time is limited within which the said arbitrators shall make and file their said award, but we request and desire them to do so at the very earliest practicable moment." There is nothing to show that the award was not made at the earliest practicable moment consistent with the rights of the parties, and that is the time "fixed in the submission." The statute only applies when the contract is silent. There is clearly nothing in this objection.

The second objection is: "Because the umpire exceeded the authority conferred upon him by the arbitrators in deciding that said W. G. Ford is 'now indebted and to pay to the said John M. Powell the sum of $35,600, for one-half the net proceeds of the sale of certain land, after deducting the costs and including interest from the date of sale to this time;' that under the said submission and by the award the said umpire had no authority to decide these questions."

The submission recites that: "The said parties were partners in the purchase, and sale and cultivation of lands; in the erection of levees in the State of Mississippi, and in other matters of joint interest and obligation as included in the said partnership." It further recites: "The said parties are unable to settle and adjust between themselves the rights and liabilities of the said parties respec-

tively, the one to the other, originating in the said partnership transactions." It further recites: " A certain suit is now pending in the City of New York between the said parties, involving a settlement of the said partnership transactions. A certain other suit is pending in the Second Chancery Court of Shelby county, Tennessee, between the same parties, involving a settlement of the said partnership transactions and liabilities." The submission then proceeds thus: " The said parties, desiring speedily to terminate this litigstion, and to ascertain their respective rights and liabilities, the one to the other, in consideration of the mutual promises, the one to the other, to abide by and perform the award hereinafter provided for, do hereby make and enter into the following agreement, viz.: 'All the dealings, transactions and liabilities, and all and every matter of every kind whatever, in any manner involved in the settlement of the said partnership, both of law and fact, legally or equitably, are hereby submitted to the arbitrament and final adjustment, settlement and decision of the Hon. Jacob Thompson and E. C. McDowell, Esqr. And it is further agreed that any difference that may arise between the said Thompson and the said McDowell, in regard to any matter involved in the said settlement, shall be referred to and decided by Henry T. Ellett, Esq., and his decision in regard to any such difference shall be as final and conclusive as if no such difference had existed between said

arbitrators; and the award shall be made, and the said decree based thereon, shall be in ac cordance with his said decisions.' Upon the rendition and filing. of their said award by Thompson and McDowell in said suit, a final decree, in accordance therewith, shall be entered therein, with like force and effect in all respects as if said decree had been made by the Chancellor, in the due course of regular proceedings without the in tervention of the said arbitration. The entry of the said decree in accordance with the said award in the said suit, shall be a complete, conclusiv and final end and termination of every item and transaction, relating to their said partnership be tween the said parties; and a copy of the said decree, certified by the Clerk of said Court, shall be ab solutely conclusive in favor of either party against the further prosecution or institution of any suit or proceedings anywhere, and for all time to come, in any manner involving the said dealings, transactions or liabilities between the said parties.' On the 20th September, 1871. Thompson and McDowell drew up and signed, as arbitrators, a formal award of the matters upon which they agreed, and they submitted to the umpire certain questions "for his decision." The first of these questions is thus worded: "Whether J. M. Powell was interested, and if so, to what extent, in about 40,000 acres of land, located with Washington county scrip, bouglit of William Rucks by William G. Ford." The umpire, "having carefully considered the evi-

dence on both sides, and having heard both par-
ties," decided " that said Powell was entitled to an
interest of one-half in the 40,000 acres of land,
located with Washington county scrip, bought of
Rucks, and that said William G. Ford is now in-
debted to said John M. Powell the sum of thirty-
five thousand six hundred and eighty dollars, for
one-half the net proceeds of the sale of said land,
after deducting the costs and including interest
from the date of sale.

The objection is that the point submitted was
only as to the interest of Powell in the land, and
did not authorize the umpire to determine the in-
debtedness of Ford to Powell, by reason of that
interest, the land having been sold by Ford.

The objection, it will be noted, is not that the
facts were not before the umpire of the sale and
price received, so as to enable him to determine
the amount of indebtedness. Nor is any excep-
tion taken to the amount as found. The objec-
tion seems to be, for it is not stated in the argu-
ment submitted for the defendant, that the umpire
should only have declared Powell's interest in the
land, leaving Ford's liability by reason of the sale
thereof altogether undetermined, or that the calcu-
lation of the debt should have been left to the
arbitrators. It is very clear from the submission,
hereinbefore copied that it was not intended by
the parties to leave any question undetermined be-
tween them growing out of the partnership trans-
actions. The award and the decree thereon were

to be a bar to all future litigation, and to be such as the Chancellor would have rendered without the intervention of the arbitrators. The intention of the parties would be violated by leaving any liability between them undetermined. The position cannot, therefore, be maintained that, after it had been decided that the complainant had an interest in the land, the arbitration should not find what had become of the land, and if sold by either partner, what each was indebted to the other therefor. The only doubt is whether the ulterior liability for the proceeds of sale should have been declared, and the calculation should have been made by the arbitrators instead of the umpire. The submission provides that any difference between the arbitrators in regard to any matter involved in the settlement, shall be referred to the umpire, whose decision shall "be final and conclusive, and the award shall be made and the decree based thereon shall be in accordance with the decision." It is very clear, from this language, that the parties intended that the action of the umpire should be final on the matters submitted to him, requiring no further exercise of their judicial functions on the part of the arbitrators. The language used does admit of the construction that after the umpire has decided, the arbitrators are to make a formal award, embodying his decisions. This would obviously be a mere form, and although some parts of the affidavits filed seem directed to his view, as where one of the arbitrators seems to

imply that he expected the umpire to report to the arbitrators; yet, the objection would be merely technical, and without merit. It is sufficient, if the decision of the umpire is made the basis of the decree. And it was manifestly contemplated that his decisions should conclude the matters of difference.

The Chancellor erred in sustaining the second objection.

The third objection is: "Because the arbitrators did not discuss and decide upon the question of the complainant's interest in the 40,000 acres of land, but without a *bona fide* decision and disagreement between them on this question, the same was referred by them to the umpire. But the affidavits of the arbitrators themselves show that there was a decision and disagreement, a fact also *prima facie* established by the reference itself.

One of the arbitrators says there was no dispute about the facts, and he thought complainant entitled to an interest, and so expressed himself, and his colleague dissented. The other arbitrator says: "I expressed my opinion on the question, to-wit.: 'That Powell was entitled to no interest in the 40,000 acres.'"

These gentlemen do differ somewhat as to the conversation which took place when it was determined to submit the question to the umpire; but it is clear that each had formed and expressed an opinion different from the other. There was, beyond all doubt, a "difference" between them on

the matter, and that was all that was required to authorize the reference.

The Chancellor again erred in sustaining this objection.

The fourth exception is: " Because the award is not a complete and final settlement and determination of all the matters submitted, but is partial and incomplete."

This objection is too general, and was properly overruled. It should have specifically pointed out the supposed omission. The only pretence for it is a statement in the affidavit of one of the arbitrators that he considered the award of the 20th of September, 1871, as conclusive, except as to a certain credit claimed by defendant, as to which it was agreed they "might alter" their conclusion He does not say that he ever did alter his conclusion, and the explanation of the other arbitrator shows that there was no ground for altering their conclusion. The conclusion was, of course, final if it was not altered before the filing of the award on the 20th of December, 1871, it clearly appearing that there was no ground for altering it. The award could not be "partial and incomplete,' unless a well founded matter of litigation within the purview of the submission, was omitted

The fifth objection is: " Because the arbitrators have made a decision and award as to a part of the matter submitted, and the umpire as to a distinct part. The decision of the umpire should have been reported to the arbitrators, and then all should

have signed the award." We do not so understand the law. In general, where a reference is made to two arbitrators, and in case of a disagreement, to an umpire alone, if they fail to agree and make an award, the umpire may proceed alone.

In such a case, the umpirage is in law the award of the umpire alone. *Mullens* v. *Arnold*, 4 Sneed, 262. In this case the submission contemplates a partial award by the arbitrators covering all the matters as to which they agree, and a separate award by the umpire on all matters as to which the arbitrators may differ.

It does not contemplate an award by the arbitrators and umpire, for that, according to the theory of the submission, which contemplates a disagreement, would be impossible.

Strictly speaking, the objection does not raise the point that the umpire should report his conclusions to the arbitrators, and that they alone should make a final award thereon. But if it did, the objection would be, as we have seen, too literal, and of no avail.

The sixth objection, that the award and decision are not in conformity with the submission, is too general, and has been properly abandoned.

These parties have had the matters of litigation between them very thoroughly examined by judges of their own choice, eminent men, of State and National reputation, whose qualifications would compare favorably with those of the incumbents of

---

our judicial tribunals, and whose opportunities for thorough investigation have been far better than is usually afforded to our overworked Judges.

The losing party has no reason to complain of anything that has been done.

His objections are none of them well taken. The decree must be reversed, and a decree rendered here in accordance with the awards, and the defendant will pay the costs of this Court.